UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

v.

MICHAEL DILLARD,

           Defendant.

Criminal No. 4:24cr47

## MEMORANDUM OPINION

On October 23, 2025, Defendant Michael Dillard ("Defendant" or "Mr. Dillard") filed a Motion to Stay (the "Motion") proceedings in this case due to pending challenges to Lindsey Halligan's appointment and authority as the Interim United States Attorney for the Eastern District of Virginia, as well as parallel litigation in the District of New Jersey. Mot., ECF No. 76. By written Order issued on October 28, 2025, this Court denied the Motion. Order, ECF No. 90. This Memorandum Opinion memorializes the reasons for that decision.

## I.    BACKGROUND

On July 24, 2024, a grand jury sitting in the Eastern District of Virginia returned a seven-count indictment against Mr. Dillard, charging him with two counts of Aggravated Sexual Abuse, in violation of 18 U.S.C. § 2241 (Counts 1 and 2); two counts of Sexual Abuse, in violation of 18 U.S.C. § 2242 (Counts 3 and 4); two counts of Abusive Sexual Contact, in violation of 18 U.S.C. § 2244 (Counts 5 and 6); and one count of Making a False Statement, in violation of 18 U.S.C. § 1001 (Count 7). Indictment, ECF No. 1. The indictment bore the name of the former Senate-confirmed

United States Attorney for the Eastern District of Virginia, Jessica D. Aber, as well as Assistant United States Attorneys Eric M. Hurt ("AUSA Hurt") and Therese N. O'Brien ("AUSA O'Brien"). *Id.* at 8. AUSA Hurt signed the indictment. *Id.*

On July 26, 2024, Mr. Dillard appeared before Magistrate Judge Leonard for his initial appearance and was released on an unsecured bond with special conditions of release. Min. Entry, ECF No. 9; Order, ECF No. 15. This prosecution was deemed complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). Order, ECF No. 13. On August 5, 2024, Mr. Dillard appeared through retained counsel before Magistrate Judge Miller for his arraignment. Min. Entry, ECF No. 16. Mr. Dillard entered a plea of not guilty and demanded a trial by jury. *Id.* The pretrial motions deadline was set for October 4, 2024, and the jury trial was scheduled to begin on April 1, 2025. *Id.* On October 4, 2024, Mr. Dillard filed an unopposed motion to extend the pretrial motions deadline until December 4, 2024, ECF No. 19, which this Court granted, ECF No. 20. Mr. Dillard did not file any pretrial motions under Federal Rule of Criminal Procedure 12.

On January 20, 2025, Ms. Aber resigned from her position as the United States Attorney for the Eastern District of Virginia.[1] The following day, the Attorney General appointed Erik S. Siebert pursuant to 28 U.S.C. § 546(a) to serve as the Interim

---

[1] *U.S. Attorney Jessica D. Aber Announces Resignation*, E.D. Va. U.S. Attorney's Office (Jan. 17, 2025), https://www.justice.gov/usao-edva/pr/us-attorney-jessica-d-aber-announces-resignation (indicating that Ms. Aber resigned "effective January 20, 2025, at 11:59 pm").

United States Attorney for the Eastern District of Virginia.[2] Mr. Siebert's 120-day interim appointment was set to expire on May 21, 2025.

On March 28, 2025, the parties appeared before the Court for an *in camera* hearing on a motion in limine. Min. Entry, ECF No. 41. Mr. Dillard appeared through retained counsel, and the Government appeared through AUSA Hurt and AUSA O'Brien. *Id.* At that hearing, Mr. Dillard made an oral motion to continue the April 1, 2025 trial date. *Id.* The Court granted that motion, ECF No. 42, and trial was reset to begin on November 4, 2025.

On May 6, 2025, President Donald J. Trump nominated Mr. Siebert to be the United States Attorney for the Eastern District of Virginia.[3] On May 9, 2025, the District Judges of the Eastern District of Virginia unanimously appointed Mr. Siebert pursuant to 28 U.S.C. § 546(d) to continue in his role as the Interim United States Attorney, effective May 21, 2025.[4]

Separately, on August 21, 2025, a federal district judge ruled that Alina Habba was not lawfully serving as the acting United States Attorney for the District of New Jersey. *See United States v. Giraud*, 795 F. Supp. 3d 560, 578 (D.N.J. 2025), *aff'd*, 160 F.4th 390 (3d Cir. 2025). That litigation principally concerns Ms. Habba's service as

---

[2] *Erik Siebert Appointed Interim U.S. Attorney for the Eastern District of Virginia*, E.D. Va. U.S. Attorney's Office (Jan. 21, 2025), https://www.justice.gov/usao-edva/pr/erik-siebert-appointed-interim-us-attorney-eastern-district-virginia.

[3] *See* Nomination of Erik Siebert for Department of Justice, PN141-35, 119th Cong. (2025), available at https://www.congress.gov/nomination/119th-congress/141/35.

[4] *See* Order of Appointment, *In the Matter of the Appointment of Erik S. Siebert as United States Attorney* (E.D. Va. May 9, 2025), available at https://www.vaed.uscourts.gov/sites/vaed/files/Order%20of%20Appointment.pdf.

First Assistant United States Attorney and Acting United States Attorney for the District of New Jersey under the Federal Vacancies Reform Act ("FVRA"), not her prior service as the Interim United States Attorney under 28 U.S.C. § 546(a). In any event, the district court in that case noted that a portion of Ms. Habba's prior service as the Interim United States Attorney was invalid because "the Attorney General is vested with 120 total days to appoint an Interim United States Attorney from the date that she first invokes section 546(a). Termination of an appointment before the 120-day deadline does not allow another 120-day term." *Id.* at 582. Therefore, that district court determined that Ms. Habba "was not lawfully serving as the United States Attorney when she signed" one defendant's indictment, and that she should be recused from further participation in that prosecution for other reasons. *Id.* at 605. However, the court simultaneously concluded that dismissal of the indictment was "not necessary," as Ms. Habba's "invalid signature" was a "mere technical defect that amount[ed] to harmless error that [the court] should 'disregard.'" *Id.* at 605–06 (quoting Fed. R. Crim. P. 52(a)).[5]

---

[5] The government appealed the district court's recusal decision—which does not involve any issue related to service as an Interim United States Attorney under 28 U.S.C. § 546—to the Third Circuit Court of Appeals. *See United States v. Giraud*, 160 F.4th 390 (3d Cir. 2025). On December 1, 2025, the Third Circuit affirmed the district court's disqualification order in full. *Id.* On December 8, 2025, Ms. Habba resigned from her position as the Acting United States Attorney for the District of New Jersey. *See Alina Habba, a Trump Loyalist, Resigns as New Jersey's Top Prosecutor*, N.Y. Times (Dec. 8, 2025), https://www.nytimes.com/2025/12/08/nyregion/alina-habba-nj-us-attorney-resigns.html. The government has not filed a petition for rehearing or rehearing en banc.

Meanwhile, on September 19, 2025, Mr. Siebert resigned from his position as Interim United States Attorney for the Eastern District of Virginia.[6] President Trump subsequently withdrew Mr. Siebert's nomination.[7] On September 22, 2025, the Attorney General issued an order "authorizing Lindsey Halligan to be the Interim United States Attorney for the Eastern District of Virginia during the vacancy in that office."[8] The September 22, 2025 order cites only 28 U.S.C. § 546 as the basis for Ms. Halligan's appointment. The validity of Ms. Halligan's appointment and authority was subsequently challenged by other defendants in this district. *See* Motion to Dismiss Indictment Based on Unlawful Appointment, *United States v. Comey*, No. 1:25cr272 (E.D. Va. Oct. 20, 2025), ECF No. 59; Motion to Dismiss the Indictment and Enjoin the Prosecution, *United States v. James*, No. 2:25cr122 (E.D. Va. Oct. 24, 2025), ECF No. 22.[9]

---

[6] Mr. Siebert's resignation came hours after President Trump told reporters at the White House that he "want[ed] [Mr. Siebert] out." Glenn Thrush et al., *U.S. Attorney Investigating Two Trump Foes Departs Amid Pressure from President*, N.Y. Times (Sept. 19, 2025), https://www.nytimes.com/2025/09/19/us/politics/erik-siebert-comey-letitia-james.html.

[7] *See* Nomination of Erik Siebert for Department of Justice, PN141-35, 119th Cong. (2025), available at https://www.congress.gov/nomination/119th-congress/141/35.

[8] *See* Exhibit A, Order No. 6402-2025, Authorizing Lindsey Halligan to be the Interim United States Attorney for the Eastern District of Virginia During the Vacancy in that Office, *United States v. Comey*, No. 1:25cr272 (E.D. Va. Oct. 20, 2025), ECF No. 60-1.

[9] These motions were transferred to the Honorable United States Senior District Judge Cameron McGowan Currie for the District of South Carolina. Transfer Order, *United States v. Comey*, No. 1:25cr272 (E.D. Va. Oct. 21, 2025), ECF No. 62; Transfer Order, *United States v. James*, No. 2:25cr122 (E.D. Va. Oct. 24, 2025), ECF No. 23. On November 13, 2025, the parties came before Judge Currie for a consolidated motions hearing, and the matter was taken under advisement. Min. Entry, *United States v. Comey*, No. 1:25cr272 (E.D. Va. Nov. 13, 2025), ECF No. 186; Min. Entry, *United*

On October 23, 2025, Mr. Dillard moved to stay[10] all proceedings in this matter, including the jury trial scheduled to begin on November 4, 2025, pending the resolution of the aforementioned challenges to Ms. Halligan's appointment as the Interim United States Attorney for the Eastern District of Virginia and the government's appeal concerning Ms. Habba's service as the Acting United States Attorney for the District of New Jersey. Mot., ECF No. 76. Mr. Dillard asserted two arguments in support of his motion. First, he argued that the authority of the United States Attorney is jurisdictional, contending that if Ms. Halligan's appointment was deemed unlawful, then "every exercise of prosecutorial discretion under her supervision—including the continued prosecution of Mr. Dillard—rests upon a potentially defective delegation of authority." *Id.* at 3. Second, he argued that a temporary stay would protect the integrity of the proceedings, by: (1) "preserv[ing] the constitutional

---

*States v. James*, No. 2:25cr122 (E.D. Va. Nov. 13, 2025), ECF No. 69. On November 24, 2025, Judge Currie found that Ms. Halligan "was unlawfully appointed in violation of 28 U.S.C. § 546 and the Constitution's Appointments Clause." *United States v. Comey*, No. 1:25cr272, 2025 WL 3266932, at *1 (E.D. Va. Nov. 24, 2025); *United States v. James*, No. 2:25cr122, 2025 WL 3266931, at *1 (E.D. Va. Nov. 24, 2025). In so finding, Judge Currie dismissed the *Comey* and *James* indictments without prejudice, indicating that Ms. Halligan "was not lawfully exercising executive power when she appeared before the grand jury alone and obtained [the] indictment" in each case. *Comey*, 2025 WL 3266932, at *10; *James*, 2025 WL 3266931, at *9. The government appealed the district court's decision on December 22, 2025. That appeal has not yet concluded. However, on January 20, 2026, Ms. Halligan resigned from her position as Interim United States Attorney for the Eastern District of Virginia. *See* Ryan Mancini, *Bondi Announces Departure of Halligan from US Attorneys Office*, The Hill (Jan. 20, 2026), https://thehill.com/homenews/administration/5698137-lindsey-halligan-departs-eastern-district/.

[10] Also on October 23, 2025, Mr. Dillard filed a Motion to Continue Trial and Extend Expert Disclosure Deadlines, ECF No. 77, which this Court denied on October 27, 2025, ECF No. 86.

challenge without obstructing trial preparation"; (2) "demonstrat[ing] diligence and awareness of significant inter-district judicial developments"; and (3) "creat[ing] a clean appellate record should the *Comey* or *Habba* rulings later extend nationwide or receive Supreme Court review." *Id.* Notably, Mr. Dillard did not move to dismiss his indictment in light of Ms. Halligan's appointment, nor did he independently challenge Ms. Halligan's appointment or authority as the Interim United States Attorney for the Eastern District of Virginia.

On October 26, 2025, the Government filed a response in opposition to the Motion, setting forth three arguments. Resp. Opp'n, ECF No. 85. First, the Government noted that Mr. Dillard did not independently challenge Ms. Halligan's appointment and further argued that any such motion would be untimely and lack good cause. *Id.* at 5–7. Second, the Government argued that this case could proceed to trial because, regardless of the lawfulness of Ms. Halligan's appointment, AUSA Hurt retains the authority to prosecute this case. *Id.* at 7–9. Finally, the Government argued that indefinitely delaying trial in this matter would undermine the public interest in a speedy resolution, noting the uncertainty as to when the *Comey/James* and *Giraud* challenges will conclude, and emphasizing that the present indictment charges Mr. Dillard with the sexual abuse of three victims, each of whom was expected to testify at trial and has an interest in the prompt resolution of this case. *Id.* at 10.

On October 27, 2025, Mr. Dillard replied. [11] Reply, ECF No. 88. On October 28,

---

[11] Mr. Dillard improperly raised a number of meritless arguments for the first time in his reply brief. Reply, ECF No. 88. Mr. Dillard did not seek leave to amend his Motion to include these additional claims. For that reason alone, the Court need not

2025, the Court denied the Motion to Stay,[12] indicating that this Memorandum Opinion would follow and trial would proceed as scheduled. Order, ECF No. 90.

## II.    LEGAL STANDARDS

### A.    Challenge to the Appointment and Authority of an Interim United States Attorney

Federal Rule of Criminal Procedure 12 provides that certain "defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). That includes motions alleging "a defect in instituting the prosecution" or "a defect in the indictment or information." Fed. R. Crim. P. 12(b)(3)(A), (B). A court may consider an untimely Rule 12(b)(3) motion "if the party shows good cause." Fed. R. Crim. P. 12(c)(3).

A challenge to the appointment of an Interim United States Attorney is subject to Rule 12. *See, e.g., United States v. Suescun*, 237 F.3d 1284, 1286 (11th Cir. 2001) (holding that the defendant was "required to present" his challenges to the Interim

---

address these new claims. *See Touchcom, Inc. v. Bereskin & Parr*, 790 F. Supp. 2d 435, 446 (E.D. Va. 2011) (explaining that "[t]ypically, courts will not consider an argument raised for the first time in a reply brief" as the "opposing party is prejudiced in its ability to respond to the argument." (citation omitted)). In addition, with regard to Mr. Dillard's attempt to "join[] the motion filed by Comey and James regarding the disqualification of Ms. Halligan," the Court finds no legal authority by which Mr. Dillard may "join" a separate motion, raised by a separate party, in separate litigation, through one sentence in a reply brief. *See* Reply at 5, ECF No. 88. That reply brief was also replete with inaccurate factual statements, which the Court acknowledged in detail in its Order denying the Motion. Order at 1–3, n.2, ECF No. 90.

[12] The Court determined that a hearing on the Motion was unnecessary, as the issues for decision were adequately presented in the briefs. *See* E.D. Va. Local Crim. R. 47(J).

United States Attorney's appointment, which were "based either on defects in the institution of the prosecution or defects in the indictment," by pretrial motion under Rule 12(b) (internal quotation marks and citations omitted)); *United States v. Solomon*, 216 F. Supp. 835, 837 (S.D.N.Y. 1963) (holding that a defect in the appointment of the Interim United States Attorney "is one in the institution of the prosecution and may be waived by the lack of a timely objection" under Rule 12).

### B.    The Power to Prosecute

"[T]he power to prosecute is not exclusive to the U.S. Attorney." *United States v. Garcia*, No. 2:25cr227, 2025 WL 2784640, at *15 (D. Nev. Sept. 30, 2025). Although "United States Attorneys supervise and direct the Assistant United States Attorneys assigned to their offices, it does not follow that Assistant United States Attorneys lack the power to prosecute in the absence of a duly-appointed United States Attorney." *United States v. Baldwin*, 541 F. Supp. 2d 1184, 1196 (D.N.M. 2008). That is because "Assistant United States Attorneys derive their power to prosecute directly from the Attorney General, not from a United States Attorney." *Id.*; *see also, e.g., Garcia*, 2025 WL 2784640, at *15.

The Attorney General, not the United States Attorney, possesses the authority to hire and fire Assistant United States Attorneys. *See, e.g.,* 28 U.S.C. § 542(a) ("The Attorney General may appoint one or more assistant United States attorneys in any district when the public interest so requires."); *id.* § 542(b) ("Each assistant United States attorney is subject to removal by the Attorney General."). Consequently, "[b]ecause they are appointed directly by the Attorney General, [the Assistant United

9

States Attorneys'] ability to act does not hinge on the authority of the local United States Attorney, but derives from the Attorney General's plenary power over litigation to which the United States is a party." *United States v. Hilario*, 218 F.3d 19, 22 (1st Cir. 2000) (citing 28 U.S.C. §§ 516, 542); *see* 28 U.S.C. § 519. Indeed, even when there is "a vacancy in the office of the United States Attorney, Assistant United States Attorneys retain prosecutorial authority, as originally delegated to them by the Attorney General, subject to the supervision of the Attorney General and the Department of Justice." *Baldwin*, 541 F. Supp. 2d at 1196 (citing 28 U.S.C. § 519).

"An appointment of a United States Attorney that is not made as provided by the Appointments Clause does not affect the Government's power to prosecute." *Suescun*, 237 F.3d at 1287; *see also, e.g., Baldwin*, 541 F. Supp. 2d at 1214. Therefore, the authority of the Interim United States Attorney is not a jurisdictional issue. *See, e.g., United States v. Gantt*, 194 F.3d 987, 998 (9th Cir. 1999) ("An infirmity in the United States Attorney's appointment would not generally affect the jurisdiction of this court so long as a proper representative of the government participated in the action."), *overruled on other grounds by United States v. W.R. Grace*, 526 F.3d 499, 506 (9th Cir. 2008); *United States v. Colon-Munoz*, 192 F.3d 210, 218 (1st Cir. 1999) (similar). Rather, an indictment which charges offenses against the laws of the United States confers jurisdiction on this Court. *See* 18 U.S.C. § 3231. The unlawful appointment of an Interim United States Attorney does not necessarily "deprive" this Court "of jurisdiction to entertain the case and to adjudicate [the defendant] guilty of the charged offenses." *Suescun*, 237 F.3d at 1288.

10

## C.    The Speedy Trial Act

The Speedy Trial Act, 18 U.S.C. § 3161, considers, *inter alia*, the public interest in a speedy trial. *See Zedner v. United States*, 547 U.S. 489, 501 (2006) (recognizing that the Speedy Trial Act "was designed not just to benefit defendants but also to serve the public interest"). Moreover, crime victims have an interest in the prompt resolution of proceedings. *See* 18 U.S.C. § 3771(a)(7) (providing that a crime victim has the "right to proceedings free from unreasonable delay"); *see also id.* § 3771(a)(8) (providing that a crime victim has the "right to be treated with fairness and with respect for the victim's dignity and privacy").

## III.    ANALYSIS

### A.    Mr. Dillard Has Not Moved to Dismiss His Indictment or Otherwise Independently Challenged the Appointment or Authority of the Interim United States Attorney.

As an initial matter, Mr. Dillard has not moved to dismiss his indictment or otherwise raised an independent challenge to Ms. Halligan's appointment or authority as the Interim United States Attorney for the Eastern District of Virginia. Therefore, such issues are not before the Court. *See* Reply at 2, ECF No. 88 ("This is not a motion to dismiss the indictment."). In his Motion, Mr. Dillard notes that another defendant in the Eastern District of Virginia has challenged Ms. Halligan's appointment as the Interim United States Attorney for the Eastern District of Virginia, and a district court in the District of New Jersey has determined that Ms. Habba's appointment as the Acting United States Attorney for the District of New Jersey is invalid. Mot. at 1–2, ECF No. 76. Mr. Dillard does not, however, move to dismiss the indictment in the above-captioned case or to disqualify Ms. Halligan from

11

participating in this prosecution. Instead, Mr. Dillard asks this Court to delay his trial "out of an abundance of caution" because the "outcome" of the *Comey* and *Giraud* cases "may directly affect the legality of the prosecutorial authority exercised in the present case." *Id.* at 1–2. As discussed in Section III.B., Mr. Dillard has not met his burden to show how the validity of Ms. Halligan's appointment bears on the prosecutorial authority exercised in this case.

Even if Mr. Dillard had moved to dismiss the indictment or to disqualify Ms. Halligan from participating in this case, any such motion would be governed by Federal Rule of Criminal Procedure 12. Because Mr. Dillard has not filed a Rule 12 motion, the Court need not consider whether such a motion would have been timely or otherwise brought with good cause. *See* Resp. Opp'n at 6–7, ECF No. 85 (stating that the pretrial motion deadline expired on December 4, 2025, and if Mr. Dillard were to challenge Ms. Halligan's authority, he would not be able to show "good cause" for failing to raise this challenge earlier); *see also* Fed. R. Crim. P. 12(c)(3) (stating that a court may consider an untimely "defense, objection, or request if the party shows good cause."); *United States v. Ruhe*, 191 F.3d 376, 386 (4th Cir. 1999) (explaining that, under Rule 12, "[d]efendants are subject to a due diligence standard.").

### B.    The Assistant United States Attorney Has Authority to Prosecute This Case.

Second, Mr. Dillard's challenge overlooks the authority of the Assistant United States Attorney to prosecute this case. Although he raises generalized concerns about the "legality of the prosecutorial authority exercised," Mr. Dillard does not make any attempt to explain how the validity—or invalidity—of Ms. Halligan's appointment

has any bearing on this case, as is his burden. Mot. at 2, ECF No. 76. The Court finds Mr. Dillard's concerns unavailing because (1) Ms. Halligan was not involved with instituting the prosecution or obtaining the indictment in this case and (2) AUSA Hurt possesses independent authority to prosecute.

1. *Ms. Halligan Was Not Involved with Instituting the Prosecution or Obtaining the Indictment in This Case.*

On July 24, 2024, the indictment charging Mr. Dillard was obtained by AUSA Hurt and AUSA O'Brien. Indictment, ECF No. 1. At that time, Ms. Aber served as the United States Attorney for the Eastern District of Virginia. Accordingly, Mr. Dillard's indictment lists the names of Ms. Aber, AUSA Hurt, and AUSA O'Brien, and bears the signature of AUSA Hurt. *See id.* at 8. There is zero indication that Ms. Halligan had any involvement in the investigation or the grand jury proceedings. Nor does Mr. Dillard dispute that a properly constituted grand jury returned the indictment. *See, e.g., Costello v. United States*, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury . . . is enough to call for trial of the charge on the merits."); *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988) ("[D]ismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." (quoting *United States v. Mechanik*, 457 U.S. 66, 78 (1986))); *Giraud*, 795 F. Supp. 3d at 605 (denying motion to dismiss indictment because there was no indication that Ms. Habba participated in the investigation or grand jury proceedings, apart from ultimately signing the indictment, and treating her invalid

signature as a "mere technical defect that amounts to harmless error"); *cf. Comey*, 2025 WL 3266932, at *10, 15 (dismissing indictment without prejudice where Ms. Halligan "appeared before the grand jury alone and obtained [the] indictment."); *James*, 2025 WL 3266931, at *9, 13 (same).

Moreover, this case was originally scheduled to proceed to a jury trial on April 1, 2025. From the date of the indictment, July 24, 2024, through that trial date, April 1, 2025, the Government was continuously represented by AUSA Hurt and AUSA O'Brien. After Ms. Aber resigned, Mr. Siebert assumed the role of the Interim United States Attorney for the Eastern District of Virginia on January 21, 2025. Accordingly, Ms. Halligan was not involved at any stage of discovery or pretrial proceedings. Nor has Mr. Dillard challenged any specific action by Ms. Halligan with respect to this case.[13] Therefore, Mr. Dillard has identified *no basis* to conclude that Ms. Halligan's appointment as Interim United States Attorney for the Eastern District of Virginia on September 22, 2025—after this case had been pending for approximately 14 months—merits a stay of these proceedings, or any other relief. *See, e.g., United*

---

[13] At most, Mr. Dillard asserts that the Government's pleadings bear Ms. Halligan's name, boldly claims that the dismissal of a prosecutor assigned to his case for under two months demonstrates "systemic instability," and more boldly still, argues that Ms. Halligan's appointment was somehow politically orchestrated to target him—despite the fact that he was indicted more than fourteen months before Ms. Halligan's appointment, under different leadership at the United States Attorney's Office. Reply at 2–5, ECF No. 88. The Court previously addressed these outlandish arguments, raised for the first time in Mr. Dillard's reply brief, in its Order denying the Motion. *See* Order at 1–3 n.2, ECF No. 90. As to the concern about the Government's pleadings bearing Ms. Halligan's name, no such pleadings list Ms. Halligan's name alone. Rather, AUSA Hurt, who has independent authority to prosecute as discussed *infra*, signed each pleading on the Government's behalf.

*States v. Smith*, 962 F.3d 755, 766 (4th Cir. 2020) (rejecting request for new trial based on a challenge to the Acting Attorney General's appointment where the defendant failed to show how the Acting Attorney General's tenure "affected or influenced his criminal proceedings in any manner").

    2.    *The Assistant United States Attorney Has Independent Authority to Prosecute.*

Mr. Dillard likewise does not challenge AUSA Hurt's independent authority to prosecute this matter. Assistant United States Attorneys derive their power directly from the Attorney General, not the United States Attorney. *See Baldwin*, 541 F. Supp. 2d at 1196. In other words, an Assistant United States Attorney does not lack the power to prosecute in the absence of a legally appointed United States Attorney. *Id.* Therefore, the alleged invalidity of Ms. Halligan's appointment does not, without more, negate the authority previously and continuously exercised by AUSA Hurt in this matter.

From indictment through the filing of the present Motion, AUSA Hurt has served as the lead prosecutor in this case. He signed the indictment, responded to pretrial motions, appeared at hearings, and handled all other pretrial matters. Even assuming *arguendo* that a court later concluded that Ms. Halligan's appointment was invalid, Mr. Dillard would not automatically be entitled to any relief. Courts have consistently rejected the argument that an invalid appointment automatically voids otherwise lawful prosecutions conducted by properly authorized Assistant United States Attorneys. *See, e.g., Garcia*, 2025 WL 2784640, at *15 (declining to dismiss indictments where "Ms. Chattah was not involved in approving the challenged

15

indictments," noting that "the Assistant U.S. Attorneys can continue to prosecute these cases pursuant to their authority delegated from the Attorney General."); *Giraud*, 795 F. Supp. 3d at 605 (denying motion to dismiss indictment where the "line Assistant United States Attorneys prosecuting [the defendant]'s case began receiving supervisory approvals to submit the case to a grand jury before July 1, 2025, when Ms. Habba's service became unlawful"); *United States v. Ramirez*, No. 22cr573, 2025 WL 3019248 (C.D. Cal. Oct. 28, 2025), *reconsideration denied*, No. 2:22cr573, 2025 WL 3852786 (C.D. Cal. Dec. 12, 2025) (denying motion to dismiss indictments where there was "no showing that Essayli's supervision as Acting United States Attorney improperly interfered with the grand jury process or led to any other specific actions that prejudiced Defendants" and "[e]verything before the court indicate[d] that the prosecution's substantive actions ha[d] been performed by lawfully appointed AUSAs."). Rather, where an Assistant United States Attorney with independent authority, like AUSA Hurt, has conducted the prosecution, a defendant must show that the challenged appointment "somehow affected his proceeding and prejudiced him in some way." *Smith*, 962 F.3d at 766. As discussed *supra*, Mr. Dillard has made no such showing.[14] Therefore, Mr. Dillard has failed to establish that a stay of these proceedings is warranted.

---

[14] Nor would any defect in Ms. Halligan's appointment deprive this Court of jurisdiction. An invalidly appointed United States Attorney does not affect the jurisdiction of the federal district court "so long as a proper representative of the government participated in the action." *Suescun*, 237 F.3d at 1287 n.10 (quoting *Gantt*, 194 F.3d at 998); *see also* 18 U.S.C. § 3231. Because the indictment charges violations of federal law, *see* ECF No. 1, this Court has jurisdiction over this case.

## C.    The Victims Have a Right to Prompt Resolution of These Proceedings.

Lastly, the Court agrees with the Government's contention that "[i]ndefinitely delaying [Mr.] Dillard's trial is against the public interest." Resp. Opp'n at 10, ECF No. 85. The indictment charges the alleged sexual abuse of three victims, K.N., T.C., and C.B., which occurred between July 26, 2022 and July 27, 2022. Indictment, ECF No. 1. Nearly two years later, on July 24, 2024, Mr. Dillard was indicted. *Id.* Then, the first trial date of April 1, 2025, was continued on the Defendant's motion. Min. Entry, ECF No. 41; Order, ECF No. 42. Trial was rescheduled to begin on November 4, 2025, nearly 3.5 years after the charged crime. Mr. Dillard now moves to indefinitely stay this case, pending the resolution of litigation in two separate districts, without attempting to establish how the outcome of either case bears any relevance on his prosecution.

The three victims, K.N., T.C., and C.B., each of whom is expected to testify at the trial, have a strong interest in the prompt resolution of these proceedings. *See* 18 U.S.C. § 3771(a)(7) (indicating that a crime victim has the "right to proceedings free from unreasonable delay"). Consequently, Defendant's Motion amounts to little more than a delay tactic, and the asserted grounds for the requested stay do not outweigh the best interest of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

\*    \*    \*

In sum, Mr. Dillard has not moved to dismiss his indictment or otherwise challenged the appointment or authority of Ms. Halligan. He has not moved to disqualify Ms. Halligan from participating in his prosecution or pointed to a single action taken

17

by Ms. Halligan which may have potentially prejudiced him. He does not dispute that a constitutionally sound grand jury returned the indictment against him, nor that AUSA Hurt possesses independent authority to prosecute this case. Moreover, the three victims have a strong interest in the prompt resolution of these proceedings. Accordingly, the Court finds no reason to stay this case and the Motion must be denied.

## IV.    CONCLUSION

For the foregoing reasons, the Motion to Stay (ECF No. 76) is **DENIED**. The Clerk is **REQUESTED** to please forward a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

February 27, 2026
Norfolk, Virginia